Booth, Judge,
delivered the opinion of the court:
This case is here under the following jnrsidictional act:
“ That the Court of Claims of the United States be, and hereby is, given jurisdiction to hear and determine the claim of Thomas M. Livingston, of Columbia,' South Carolina, for compensation for the taking by the United States of a part of a tract of land belonging to said Thomas M. Liv-
*322 ingston in and damage to the remainder of said tract, resulting from the digging by the United States in 1918 and 1919 of a canal through said property as a sewage outlet for Camp Jackson, South Carolina, notwithstanding the fact that the United States, or any officer, agent, or employee acting in its behalf, entered upon said property under a claim of right, or committed a tort in doing so, and not withstanding any statute of limitations with respect to suits against the United States.
“ Seo. 2. That the said Court of Claims in the of said claim is authorized, in its discretion, to employ and use the pleadings and evidence filed in the Court of Claims by the said Thomas M. Livingston or the United States in case numbered 298-A between the said parties in said court, in which the Court of Claims rendered a decision on January 5, 1925, or upon such further proceedings as the court may require.”
The case was originally before the court and plaintiff’s petition dismissed in an opinion announced March 17, 1924. The court was unable to render judgment for the losses plaintiff suffered because the record disclosed a situation wherein we were unable to find a taking under circumstances implying an obligation to pay. Tempel v. United States, 248 U. S. 121. This decision was affirmed by the Supreme Court, 273 U. S. 648. Congress subsequently enacted the foregoing statute. The question at issue is obviously one of amount. The court, in case No. 298-A, made findings of fact which clearly reflect the situation from the record, and with few changes we adopt them.
We think the findings justify-a substantial judgment. The plaintiff’s mill site was rendered totally valueless. The use of the canal for sewage drainage, as well as the real and incidental damage suffered by its completion, is not to be minimized. The effect of what the Government did. upon the. value of plaintiff’s tract is manifest from the wide margin between the purchase price and what the tract brought at public sale. While a forced sale price is not determinative of actual or even market value, nevertheless it is obvious that.the continued presence of the drainage canal"and the known loss of water power, together with the destruction of fish in the stream, had a most depressing effect upon the value of the land. We think the record warrants a judg *323 ment for $26,155.00, with 6 per cent interest thereon from the date of taking to date of payment. Judgment for this amount is awarded. It is so ordered.
Moss, Judge; Graham, Judge; and 'Campbell, Chief Justice, concur. ■